## CHAPIN *vs.* POWERS.

Where the Holland Land Company contracted for the sale of 190 acres of land, provided the same was paid for in the manner specified in the contract, and a mere nominal sum was paid in advance, and the purchaser afterwards assigned his interest in twelve acres of the land to the complainant and in the residue thereof to the defendant, and the company subsequently gave notice to the holders of such contracts who had not made the payments as prescribed therein that they must either take out new contracts or pay the purchase money, or that the land would be sold to others, and the defendant applied to the complainant to join with him in taking out a new contract or to pay up the purchase money for his portion of the land so as to enable the defendant to obtain a new contract for his share, but the complainant positively refused to do either, whereby the defendant was compelled to take out a new contract for the whole 190 acres; *Held,* that the complainant was not entitled to the benefit of the new contract, and that if he had any equitable claim to the twelve acres his remedy was by a bill for the specific performance of the original contract, as to the twelve acres, against the company and the holder of the subsequent agreement.

THIS was an appeal by the defendant from a decree of the vice chancellor of the eighth circuit. It appeared that the complainant was the assignee of twelve acres of land included in a contract with the Holland Land Company for a lot of 190 acres, and that the defendant was the assignee of the residue of the lot. The contract was made in 1816, for the sale of the whole lot for a little short of $900; of which sum $1 was paid down, and the residue was to be paid in six yearly payments, with annual interest. There was also a stipulation in the contract that the agreement of the company to convey should be void and of no effect, if the several instalments were not punctually paid. In the summer of 1827, nothing having been paid on this contract except the one dollar paid at the time of taking it out, the company gave public notice to all persons holding articles, the time for the payments upon which had expired, that unless they renewed their articles within a specified period the company would resell their lots to the first applicants. The defendant thereupon, for the purpose of saving his part of the lot, applied to the agent of the company and ascertained

March 6.

the terms upon which a new article for the lot could be obtained. He then called upon the complainant, as he had frequently before done, and desired him, if he had any interest in the twelve acres under the old contract, to go with him to the land office, and advance his pro-, portion of the money required to be paid upon taking out the new article. But the complainant wholly declined and refused doing any thing in relation thereto, and said he would not pay a dollar towards obtaining a new article for the premises. The defendant then applied to the company for a new article for his part of the lot, excluding the twelve acres therefrom ; but the agent refused to give him a contract unless he took one including the whole. He therefore was compelled, for the purpose of saving his 178 acres, to take a new contract for the whole 190. This contract was executed the 17th of April, 1828 ; the defendant having previously advanced to the agent $45, to be applied towards the same. Upon the execution of the contract he paid $110 more, and covenanted to pay the further sum of $748 in six yearly payments, with annual interest ; upon the payment of which sum and interest the defendant was to have a deed. One of the conditions of this new article was that the defendant, until the payment of the whole sum agreed to be paid, with interest, should not assign or transfer his interest in the land, *or any part thereof*, nor assign or make over the article, *or any interest therein*, to any person whatever, without the written consent of the Holland Land Company or their assigns. About three years afterwards the complainant's agent called upon the defendant to assign to him the twelve acres, and offered to pay a proportional part of the monies advanced ; but he made no offer to pay to the defendant what he was still liable to pay to the company under the new contract, or to procure the consent of the company to an assignment of his interest in the twelve acres. The vice chancellor decreed that upon the payment by the complainant of the sums advanced by the defendant in part payment of the purchase money of the twelve acres, and interest, the defendant should forthwith execute to him, under seal, an assignment of all the defendant's title and interest,

legal and equitable, in or to the twelve acres by virtue of the new article.

*E. Ford*, for the appellant.

*S. Caldwell*, for the respondent.

THE CHANCELLOR. The facts in this case are principally derived from the defendant's answer, which as to every thing material is strictly responsive to the bill; and the answer is corroborated by the complainant's proofs, so far as he has attempted to prove any thing stated in the bill. Under the circumstances disclosed, even if the complainant was technically entitled to any relief in the present suit, I think he should have been compelled to pay the defendant's costs. The decree is also clearly wrong in not requiring Chapin to pay or secure a rateable proportion of the whole purchase money of the lot, which the defendant had paid, or which he should hereafter be compelled to pay, under the new contract. Neither should the defendant be compelled to execute any assignment of the twelve acres until Chapin procures the written consent of the company, or until the whole purchase money and interest was paid.

I am satisfied, however, that no decree whatever should have been made in favor of Chapin in this cause, but on the contrary that the bill should have been dismissed with costs. The new article was not taken for the benefit of or in trust for Chapin as to the twelve acres. But it was taken for the benefit of the defendant for the whole lot, because the complainant had most unconscientiously and inequitably refused to pay his proportion of the purchase money or to join the defendant in obtaining a new article; by which the defendant was compelled to make the best bargain he could with the company, for the whole lot, on his own account solely. The rights of the complainant, if they were not entirely waived and abandoned by him, are therefore under the old contract and not under the new one. If he could have filed a bill for a specific performance of the old contract, so far as related to his interest in the twelve acres,

his right is not gone by any arrangement the company has made with the defendant; as their agent, at the time the new contract was given, was aware of the complainant's rights, if he had any, under the old one. He should therefore have filed his bill against the company and the defendant, to enforce his rights under the old contract, instead of attempting to take advantage of the more favorable terms of the new agreement, of which he has no legal or equitable right to claim the benefit. His proportional part of the purchase money under the old contract, for principal and interest due in April, 1828, would have been about $100, which is nearly double what is payable under the new one which he refused to join in obtaining. The visits of the complainant's attornies to the defendant were evidently mere fishing visits, for the purpose of getting materials for the commencement of a suit in chancery in relation to the land; and nothing transpired at those visits which can give the complainant any equitable claim under the new contract.

The decree of the vice chancellor must therefore be reversed with costs. And the complainant's bill must be dismissed with costs to the defendant, but without prejudice, however, to the complainant's rights, if he has any, to file a new bill against the Holland Land Company and the defendant, after he has paid the costs in this suit, to enforce any claim he may think proper to set up to the twelve acres, under the original contract of 1816. The respondent having died since the argument of this cause upon the appeal, the decree of reversal must be entered nunc pro tunc, as of the time when the cause was heard upon the appeal.